UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARGARET R. BURNETT,

                              Plaintiff,

   vs.                                            1:10-cv-681
                                                   (MAD/DRH)

TRINITY INSTITUTION HOMER PERKINS
CENTER, INC.; HARRIS OBERLANDER, CEO;
CAROL JUNE WASHINGTON, Director; and
ROBERT TRIMBLE, Supervisor,

                              Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

MARGARET R. BURNETT
Albany, New York
Plaintiff *pro se*

CARTER, CONBOY, CASE, BLACKMORE,       MICHAEL J. MURPHY, ESQ.
MALONEY & LAIRD, P.C.                          ALAINA K. LAFERRIERE, ESQ.
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Plaintiff *pro se* commenced this action against defendants Trinity Institution Homer Perkins Center, Inc., Harris Oberlander, Carol June Washington, and Robert Trimble pursuant to Title VII of the Civil Rights Act of 1964[1] ("Title VII") and the Americans with Disabilities Act[2] ("ADA"), alleging discrimination, wrongful termination, and unlawful retaliation. *See* Dkt. No. 1.

---

[1] 42 U.S.C. § 2000e, *et seq.*

[2] 42 U.S.C. § 12101, *et seq.*

Plaintiff also asserted a discrimination claim based on her alleged whistleblower status. *See id.* In a Memorandum-Decision and Order dated January 25, 2011, Judge Sharpe granted defendants' motion to dismiss and further granted plaintiff "limited leave to amend her Title VII and ADA claims against [defendant] Trinity." *See* Dkt. No. 13 at 2.

On March 8, 2011, plaintiff filed an amended complaint, asserting claims pursuant to Title VII and the New York State Human Rights Law ("NYSHRL"), alleging employment discrimination on the basis of race and sex. *See* Dkt. No. 16. Currently before the Court is defendant Trinity Institution Homer Perkins Center, Inc.'s ("defendant") motion to dismiss plaintiff's amended complaint.

## II. BACKGROUND

Plaintiff is an African-American female. *See* Dkt. No. 16 at ¶ 9. Defendant hired plaintiff on April 7, 2008, to serve as an Assistant Case Aide/Administrative Assistant. *See id.* at ¶ 11.

In December of 2008, plaintiff reported to defendant's Human Resource Director, India Fitzgerald, that the Food Pantry Director was abusing the corporate gas credit card. *See id.* at ¶ 12. After being questioned regarding plaintiff's allegations, the Food Pantry Director "admitted to the crime." *See id.* at ¶ 13. In January of 2009, defendant suspended the Food Pantry Director for one week. *See id.* (citing Exhibit "1").

Plaintiff was placed on disability leave from January 30, 2009 through March 31, 2009 because of a hysterectomy scheduled for January 30, 2009. *See id.* at ¶ 14 and Exhibit "11," at 5. On February 11, 2009, plaintiff went to pick up a paycheck from defendant's place of business. *See id.* at ¶ 15. That same day, defendant drafted a letter terminating plaintiff. *See id.* The letter informed plaintiff that she was being terminated for several reasons, including assisting a client in

filing an SSI application without consulting with defendant regarding the appropriateness of this conduct and for "filing taxes for a client as a representative of the agency." *See id.* at ¶ 15 and Exhibit "4." Moreover, defendant referenced concerns regarding the veracity of plaintiff's time sheets, as well as her refusal to staff the front desk, which was a stated condition of her employment. *See id.* at Exhibit "4." Plaintiff never received a grievance meeting to discuss her termination. *See id.* at ¶ 16 (citing Exhibit "5").

On March 3, 2009 and June 9, 2009, plaintiff filed complaints with the New York State Division of Human Rights ("NYSDHR"). *See id.* at Exhibit "7;" *see also* Dkt. No. 6-3 at 76-82. The complaint was dual filed with the Equal Employment Opportunity Commission ("EEOC"). *See id.* On November 24, 2009, the NYSDHR found that there was no probable cause to believe that defendant engaged in the unlawful discrimination complained of. *See* Dkt. No. 6-3 at 76-80. On April 29, 2010, the EEOC adopted the findings of the NYSDHR. *See id.* at 85-86. Plaintiff filed the present action on June 11, 2010. *See* Dkt. No. 1.

### III. DISCUSSION

**A.     Standard of review[3]**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)

---

[3] In deciding this motion, the Court has only relied on those allegations contained in the amended complaint or in documents annexed thereto.

3

(citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

      To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

      "The *Iqbal* plausibility standard applies in conjunction with employment discrimination pleading standards."  *Gillman v. Inner City Broad. Corp.*, No. 08 Civ. 8909, 2009 WL 3003244, *3 (S.D.N.Y. Sept. 18, 2009).  Employment discrimination claims need not contain specific facts

4

establishing a *prima facie* case of discrimination, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002); rather, an employment discrimination complaint "must include only a short and plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *id.* at 512 (quotation marks and citations omitted); *see also Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (applying *Swierkiewicz* to NYSHRL discrimination claims).

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002).

## B.   Title VII[4] and the NYSHRL[5]

To state a *prima facie* case for employment discrimination under Title VII and the NYSHRL, a plaintiff must show that: (1) he was a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *See McDonnell Douglas Corp. v.*

---

[4] Although plaintiff specifically positions her Title VII claim on the basis of race, because she identifies herself as an "African-American female," the Court will address her claims on the basis of both racial and sexual discrimination.

[5] The Court analyzes plaintiff's NYSHRL claims under the same rubric used to analyze plaintiff's analogous federal law claims for discrimination and retaliation. *See, e.g., Leopold v. Baccarat, Inc.*, 174 F.3d 261, 264, n.1 (2d Cir. 1999); *Schiano v. Quality Payroll Systems, Inc.*, 445 F.3d 597, 609 (2d Cir. 2006); *Davis v. Oyster Bay-East*, No. 03-CV-1372, 2006 WL 657038, *8, n.12 (E.D.N.Y. Mar. 9, 2006) (citing cases). As such, the Court will address plaintiff's Title VII and NYSHRL claims together.

*Green*, 411 U.S. 792, 802 (1973); *see also Collins v. New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 316 (2004) (holding that the *McDonnell Douglas* framework applies to discriminatory discharge claims brought pursuant to the NYSHRL) (citations omitted).  However, as discussed above, to survive a motion to dismiss, an employment discrimination claim need satisfy only the basic requirements of Rule 8(a) providing a "short and plain statement of the claim." Fed. R. Civ. P. 8(a); *see also Swierkiewicz*, 534 U.S. at 512-13.  The claim must be facially plausible, and give fair notice to the defendants of the claim and its basis.  *See Boykin*, 521 F.3d at 212-14.

### *1. Discriminatory discharge*

There is no question that plaintiff has established the first three requirements provided above.  Plaintiff meets the first prong because she is an African-American female.  Defendant does not contend that plaintiff was not qualified for her job, nor could they, considering that she was hired for the position and held it for several months.  Plaintiff meets the third prong because her employment was terminated.  As such, the only factor at issue is whether plaintiff has alleged facts which indicate that the circumstances of her termination give rise to an inference of discrimination.

In the amended complaint, plaintiff alleges that she "was subjected to racial discrimination by management[.]" *See* Dkt. No. 16 at ¶ 36.  Plaintiff further alleges that she was never "awarded a grievance meeting" after she was terminated.  *See id.* at ¶ 16.  As discussed, in her termination letter, defendant cited several instances of misconduct or suspected misconduct as its reasons for terminating her employment.  *See id.* at Exhibit "4."

The Court finds that plaintiff has not sufficiently pled a plausible claim alleging that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Plaintiff has only provided the conclusory statement that she "was subjected to racial discrimination by management," which "is insufficient to give rise to an inference of discrimination based on her membership in a protected class." *Mitchell v. Project Renewal*, No. 09 Civ. 1958, 2010 WL 481348, *3 (S.D.N.Y. Feb. 1, 2010). Such conclusory allegations "fail to identify any circumstances from which the Court might otherwise infer discrimination." *Bampoe v. Coach Stores, Inc.*, 93 F. Supp. 2d 360, 372 (S.D.N.Y. 2000).

Based on the foregoing, the Court grants defendant's motion to dismiss plaintiff's discriminatory discharge claims brought pursuant to Title VII and the NYSHRL.

### *2. Discrimination resulting in unequal terms and conditions of employment*

To establish this claim under Title VII and the NYSHRL, in addition to the requirements set forth above, the "plaintiff must show that there were other similarly situated employees, outside of the protected class, who engaged in conduct substantially similar to that of plaintiff but received preferential treatment." *Vanhorne v. N.Y.C. Transit Auth.*, 273 F. Supp. 2d 209, 216 (E.D.N.Y. 2003).

In the present matter, although plaintiff appears to be alleging that she was subjected to unequal terms and conditions of employment, she does not allege that such unequal terms and conditions were in any way related to her race or sex. Plaintiff appears to allege that, while the Food Pantry Director was only suspended for abusing the company gas card and was given the opportunity to provide an explanation for his actions, plaintiff was terminated from her

employment and never provided a "grievance meeting as requested," because of impermissible discriminatory animus. *See id.* at ¶¶ 16, 24, 26.

To the extent that plaintiff is alleging that the denial of a "grievance meeting" is the discriminatory conduct at issue, her claim clearly fails. Such conduct cannot be considered discrimination resulting in unequal terms and conditions of employment because, at the time she requested the hearing, she had already been terminated and such conduct does not constitute an adverse employment action. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). Furthermore, in a letter plaintiff drafted in "Response to Termination of Employment," plaintiff stated that there is "no need to go through the grievance process," and indicated that "I have a right to tell my side of the story and that's what this letter will serve as; my side." *See* Dkt. No. 16 at Exhibit "5." Having plainly stated that there was "no need to go through the grievance process," plaintiff cannot now claim that she was discriminated against because she was not afforded such an opportunity. *See id.*

Moreover, plaintiff fails to allege that the Food Pantry Director's gender or race was the reason he was suspended instead of terminated for his misconduct.[6] Further, the conduct that the Food Pantry Director engaged in was not substantially similar to plaintiff's alleged instances of misconduct. The Food Pantry Direct made improper use of a gas credit card; plaintiff, however, provided tax preparation assistance and social security disability benefits application assistance to clients. *See* Dkt. No. 16 at ¶ 24 and Exhibit "5." In addition to being against defendant's policy, plaintiff's termination letter made clear that her conduct could have had potential legal

---

[6] Plaintiff only identifies the Food Pantry Director as male by use of gender specific pronouns. *See* Dkt. No. 16 at ¶¶ 12-13, 24. Plaintiff does not, however, provide the Food Pantry Director's race.

8

consequences for the organization. Finally, defendant has terminated two other employees for engaging in activities outside the scope of their authority. *See* Dkt. No. 1-1 at 77.

Based on the foregoing, the Court grants defendant's motion to dismiss plaintiff's claims of discrimination resulting in unequal terms and conditions of employment.

### *3. Retaliation*

Title VII prohibits employers from discriminating against an employee who "has opposed any practice made an unlawful employment practice" or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing[.]" 42 U.S.C. § 2000e-3(a). Courts analyze claims of retaliation pursuant to Title VII according to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Terry v. Ashcroft*, 336 F.3d 128, 141 (2d Cir. 2003) (citation omitted).

To make out a *prima facie* case of retaliation under Title VII, a plaintiff must adduce evidence sufficient to permit a rational trier of fact to find "'(1) that [s]he engaged in protected participation or opposition under Title VII . . . , (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, *i.e.*, that a retaliatory motive played a part in the adverse employment action.'" *See Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (quotation and other citations omitted).

In the present matter, plaintiff has not alleged that she engaged in a protected activity. The only alleged activity in which plaintiff engaged was reporting the Food Pantry Director for misuse of a company gas card. *See* Dkt. No. 16 at ¶ 12. Such conduct does not constitute a protected activity within the meaning of Title VII or the NYSHRL. *See Cruz v. Coach Stores, Inc.*, 202

9

F.3d 560, 566 (2d Cir. 2000) (holding that "[t]he term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination" (quotation and other citation omitted)); *see also Montanile v. National Broadcast Co.*, 211 F. Supp. 2d 481, 488 (S.D.N.Y. 2002) (holding that "[c]omplaints regarding violation of employer policies unrelated to impermissible discrimination do not fall within the scope of Title VII, and, therefore, do not qualify for protection under the statute").

Based on the foregoing, the Court grants defendant's motion to dismiss plaintiff's retaliation claim.

### IV. CONCLUSION[7]

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

---

[7] In her original complaint, plaintiff also attempted to allege discrimination and retaliation in violation of the ADA. *See* Dkt. No. 1; *see also* Dkt. No. 13 at 5-9. Specifically, she alleged that, after undergoing a hysterectomy on January 30, 2009, she went on short-term disability leave with a return date of April 1, 2009, but was notified by letter dated February 11, 2009, that she was being terminated. *See* Dkt. No. 1 at 7-10 and Exhibits "2, 9, 13." Judge Sharpe dismissed the claim, but granted plaintiff leave to amend. *See* Dkt. No. 13 at 9.

In her amended complaint, plaintiff does not assert a cause of action pursuant to the ADA. As such, the Court considers this claim abandoned. *See Guillory v. Allstate Ins. Co.*, 476 F. Supp. 2d 171, 174 (D. Conn. 2007). Even assuming that plaintiff did not intend to abandon this claim, plaintiff fails to set forth facts sufficient to support a plausible claim under the ADA. As Judge Sharpe noted, because plaintiff's physical impairment was "transitory," with an expected duration of six months or less, plaintiff's impairment did not fit within the ADA's definition of "disability." *See* Dkt. No. 13 at 6 (citing cases). Moreover, plaintiff has failed to allege a plausible retaliation claim because defendant's decision to exercise its legal rights and oppose plaintiff's receipt of unemployment benefits and her NYSDHR complaint cannot serve as a basis for a retaliation claim. *See id.* at 8-9 (citing cases). As such, even if the Court did not deem plaintiff's ADA claims abandoned, they would fail on the merits.

**ORDERS** that defendant's motion to dismiss the amended complaint is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of defendant and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 6, 2011
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge